SOUTHWICK, P.J.,
for the Court:
¶ 1. William Fortenberry brought suit for injuries that he suffered while receiving police training conducted by Douglas Knight. Before an answer was filed, the Forrest County Circuit Court granted either a judgment on the pleadings or a dismissal for failure to state a claim, an ambiguity that we will address below. The court held that since both Fortenberry and Knight were governmental employees acting within the scope of their employment and that workers’ compensation benefits were being paid for the injuries, there was no further liability. We hold that since matters outside the pleadings were considered, the only procedural vehicle for the court’s ruling was a motion for summary judgment. However, the evidence before the court showed a dispute of material fact. In unusual fashion, it was the defendant’s motion that presented the reason that judgment was inappropriate. That is still sufficient to have made it error to grant summary judgment. We reverse and remand.
FACTS
¶ 2. William Fortenberry has been employed by the University of Southern Mississippi Police Department for eighteen years as an investigator. On June 30, 1997, Fortenberry took part in a training program that taught officer survival skills. The training included instruction on the use of handcuffs. Douglass Knight was employed as an instructor for that training. Knight was employed by the City of Hattiesburg as a law enforcement officer but alleges that he was then on leave.
*1025 ¶ 3. During the course of training, Knight used Fortenberry in an exhibition of how properly to use handcuffs. Forten-berry was instructed to lie on his stomach and extend his hands behind his back. Knight then placed handcuffs around For-tenberry’s wrists. Fortenberry complained that the handcuffs were too tight and were causing pain. Knight then allegedly tightened the handcuffs further. This caused serious injuries to both of Forten-berry’s wrists and surgery was required. He is said to have a permanent impairment in both wrists and is receiving workers’ compensation benefits.
¶ 4. Fortenberry gave notice to the ap-pellees of his intent to file suit for his injuries. The City of Hattiesburg responded to this notice by informing For-tenberry that Knight was not acting in the course and scope of his employment while conducting the training course.
¶ 5. On June 30, 1998, Fortenberry filed his complaint. He alleged that Knight was acting within the scope of his employment, the significant allegation for purposes of the judgment granted below. The City and Knight have not filed an answer to the complaint. On July 31, 1998, they instead filed a request for an admission along with a motion seeking the alternative relief of a dismissal for failure to state a claim, a judgment on the pleadings, or a'summary judgment.
¶ 6. Fortenberry on Séptember 10, 1998, filed his admission that workers’ compensation benefits were being paid. The trial court dismissed the complaint with prejudice for “failure to state a cause of action upon which relief by this court may be granted, Judgment being granted on the pleadings.” Fortenberry did not move to amend the pleadings and instead simply appealed.
DISCUSSION
¶ 7. Before addressing the procedural question that divides the parties on appeal, we explain the substantive grounds that caused the judgment. Fortenberry alleged that he was a state governmental employee, that Knight was as well, and that both were acting within the scope of their employment. As will be discussed below, the City denied that the instructor Knight was acting within the scope of his employment with the City, but that is relevant for the procedural issue that we temporarily defer.
¶ 8. A statute permits the individual employee who allegedly caused injury to be joined as a defendant in an action against the governmental entity. Miss. Code Ann. § 11-46-7(2) (Supp.1999). However, “no employee shall be held personally liable for acts or omissions occurring within the course and scope of his employment....” Id. This obviously means that the employee may be a nominal defendant, but it is the governmental body that will bear the financial liability.
¶ 9. This is a general statute to be used regardless of the status of the plaintiff, who usually would not be another governmental employee acting within the scope of his own employment. However, when both the alleged victim and the alleged perpetrator are governmental employees, another statute bars recovery in these circumstances:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... Of any claimant who is an employee of a governmental entity and whose injury is covered by the Worker’s Compensation Law of this state by benefits furnished by the governmental entity by which he is employed;
Miss.Code Ann. § 11 — 46—9(1)(¿) (Supp. 1999).
¶ 10. These statutes prevent Fortenber-ry from succeeding on any claim that he may have against both the City of Hatties-burg and Knight once it is proved both that Fortenberry was receiving workers’ compensation benefits and that he and *1026 Knight were within the scope of their respective governmental employment at the time of the injury.
¶ 11. No party disputes on appeal this substantive legal analysis. The conflict arises as to what were the procedurally operative facts on which the trial court could rely at the time of judgment. We choose this admittedly unusual reference to the facts that were “procedurally operative” because of the unusual procedural status of the case at the time of judgment.
¶ 12. To clarify that status, we point out that only one “pleading” had yet been filed, namely, the complaint. In that complaint the plaintiff asserted that both he and Knight were acting within the scope of their governmental employment. The defendants filed a motion that as one alternative sought a judgment of dismissal for failure to state a claim under Rule 12(b)(6), but the motion did not allege all that was necessary for that dismissal. A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to grant this motion there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim. Lester Engineering v. Richland Water & Sewer Dist., 504 So.2d 1185, 1186 (Miss.1987). The supreme court has stated that a motion to dismiss under Rule 12(b)(6) for failure to state a claim is analogous to the pre-Rules practice of filing a demurrer:
In our jurisprudence it is the rule that where a demurrer to a declaration raises merely a doubtful question, or where the case is such that justice may be promoted by a trial on the merits, even though the demurrer might be technically sustainable, it must be overruled. We also adhere to the rule that facts which are reasonably or necessarily implied from facts stated must on demurrer be considered as true, and when such facts together with express averments, furnish sufficient material of substance for courts to proceed on the merits the demurrer should not be sustained.
Holland v. Kennedy, 548 So.2d 982, 984-85 (Miss.1989) (citations omitted). We find that-this appeal principally is over whether the judgment is “technically sustainable” even though the facts before the trial court indicate that Fortenberry may have had a claim.
¶ 13. We agree that there was a flaw in the plaintiffs complaint, namely, the assertion that Knight was within the scope of his employment by the City of Hatties-burg. However, taking everything said in the complaint as true, the defendants still were not entitled to a judgment as a matter of law because there was no assertion in the complaint regarding workers’ compensation benefits being received. Therefore a claim was in fact stated, namely one in which both individuals were acting within the scope of their employment but for some reason no compensation benefits were being received. To introduce that final factual assertion from the answer to a request for admissions, the trial court had to make this a summary judgment motion. We discuss that procedure below. Until that fact was shown, the specific bar of section 11 — 46—9(l)(í) was not raised.
 ¶ 14. The motion also sought to dismiss based on the pleadings. However, a Rule 12(c) motion must await the filing of all required pleadings. We find no explicit Mississippi interpretation to that effect, but this is the operation of the identical federal rule. 5A ChaRles A. Wright anb Arthur R. Miller, Feberal Prac. & Proc. § 1369 (1990) at 532. We hold that a Rule 12(c) motion is premature until all necessary responsive pleadings have been filed. Any other view makes Rule 12(c) serve the same purpose as Rule 12(b)(6).
¶ 15. What finally injected into the suit the fact that Fortenberry had been receiving workers’ compensation benefits — the necessary prerequisite for the operation of section 11 — 46—9(1)(Z)—was an answer to a request for admissions. That is not a “pleading,” but an item of discovery. It certainly is usable in the case. As *1027 Rule 12(c) itself states, the trial court’s consideration of that discovery answer transformed the motion into one for summary judgment. M.R.C.P. 12(c) (if “matters outside the pleadings are presented to and not excluded by the court,” the motion shall be treated as one for summary judgment).
1Í16. Since this was a summary judgment motion, the trial' court was obligated to consider the “pleadings, depositions, answers to interrogatories, and admissions on file,” and determine whether there was a genuine issue of material fact. In order to enter judgment for the City and for Knight, the court would have to find that there was no genuine, issue of material fact raised by any of these documents that Knight was acting within the scope of his employment for the city. In fact, there was a significant dispute. We, as well as the trial judge before us, must look at all the evidentiary matters before it, viewing the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997). Looking at the evidence in the light most favorable to the opposing party does not mean looking only at the opposing party’s evidence.
¶ 17. What of course is exceptional about this case is that the plaintiff, perhaps prior to understanding the operation of these immunity rules, asserted that Knight was working for the City at the time of Forten-berry’s injuries. The City and Knight in their motion for judgment made what appears to be a good faith assertion that Knight was on leave at that time. Only if the factual assertions on this point in the defendants’ own motion can be ignored would this pretrial judgment for the defendants be proper. That is why we earlier stated that at best the judgment was “technically sustainable,” an argument that we explore in more depth now.
¶ 18. In a motion for judgment on the pleadings or for summary judgment, it has been said that the “factual inferences and intendments are taken against the moving party and the motion is not granted unless the movant is entitled to judgment as a matter of law.” 5A ChaRles A. WRIGHT AMD ARTHUR R. MlLLER, FEDERAL Prac. & Proc. § 1369 at 535; see Kountouris v. Varvaris, 476 So.2d 599, 603 n. 3 (Miss.1985) (cites 5A Charles A. Wright and Ahthur R. Miller § 1369 to say that Rules 12(c) and 56 were “interchangeable alternative procedural vehicles” that require the trial court to consider the facts in the light favorable to the non-moving party.) The factual assertions favorable to the non-moving party normally are in the pleadings and other filings of the non-moving party. However, when as here they are in the movant’s own motion, there is no reason for the court to be blind to the assertions that would cause the denial of the motion.
¶ 19. What the rules are supposed to do is further the orderly disposition of cases without creating artificial and largely illogical pleading obligations. M.R.C.P. 1 & cmt. The trial court had before it the dispute in facts, yet granted summary judgment (even though it was called both a failure to state a claim and a judgment on the pleadings). Whether Knight was within the scope of his employment for the City was in issue, even if the plaintiff had not yet recognized the significance of the issue. Once the trial judge was called upon by the motion to rule on the law, the judge was obligated to apply the correct law and point out the significance of that factual dispute.
¶ 20. In other words, for the judge to grant summary judgment he would have to hold that Knight was acting within the scope of his employment for the City. There was dispute as to that fact. Even though a party’s causing of trial error usually prevents appellate complaint, here we cannot say that the appellant caused the error. The court recognized the controlling immunity law. It simply was impossible for the facts necessary for sum *1028 mary judgment on that issue to be called undisputed.
¶ 21. The City and Knight argue that the plaintiff has improperly changed his position on appeal. This is in reference to the fact that nothing was ever asserted in the trial court by Fortenberry regarding Knight not being in the scope of his employment. On this record, we agree that Fortenberry was completely silent. As the City and Knight argue, a trial judge must rule on what is before him. The problem with the defendants’ argument is that what was before the trial judge indicated that summary judgment was improper. Perhaps Fortenberry was not yet cognizant of the exact problem, but both the trial court and we here must apply proper legal principles. The proper principle is that section 11^6-9(1)(0 does not apply unless Knight was acting within the scope of his employment at the time that he allegedly injured Fortenberry.
¶ 22. Further, the defendants allege that this dismissal on the pleadings became final since there was no motion within thirty days to amend the pleadings. M.R.C.P. 15(a). We have already held that this was procedurally a summary judgment, and was not properly resolvable either as a dismissal for failure to state a claim or as a judgment on the pleadings. Therefore Rule 15(a) regarding amendments to pleadings is not relevant.
¶ 23. Having concluded that a dispute existed of material fact, we need to be clear as to the result. The dispute concerned whether Knight was within the scope of his employment with the City when the injuries to Fortenberry are said to have occurred. Thus judgment on that basis for Knight was improper. The unusual procedural issues have led to assertions being made by the City on appeal that are at cross-purposes to the factual assertions made below. Both defendants want Fortenberry to be legally hoisted on his own factual petard, but both defendants also disagree factually with what Fortenberry asserted regarding Knight’s working for the City during this training session.
¶ 24. If in fact Knight was not working for the City, and it takes proof of that fact for Fortenberry’s suit to have a chance for success, then the City would appear to have no liability. We do not rule that to be the case since we have found there to be a factual dispute, not factual clarity. If any party determines that this new state of affairs justifies new motions, our opinion should not be read as having prejudged their validity.
¶ 25. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS REVERSED AND REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEES.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.