813 So.2d 750 (2001)
Steven VARVARIS, Appellant,
v.
Evelyn PERREAULT, Appellee.
No. 2000-CP-00876-COA.
Court of Appeals of Mississippi.
October 16, 2001.
Rehearing Denied December 18, 2001.
Certiorari Denied April 11, 2002.
*751 Steve Varvaris, Pro Se.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
THOMAS, J., for the court:
¶ 1. Steven Varvaris filed suit against Evelyn Perreault seeking damages for malicious prosecution, extortion, and blackmail. The circuit court stayed the proceedings pending disposition of criminal charges between the parties in the Municipal Court of Jackson. Perreault filed a motion to dismiss pursuant to M.R.C.P. 12(b)(6), which the lower court granted. Varvaris appeals arguing that the lower *752 court erred in dismissing his complaint. Finding no error, we affirm.

FACTS
¶ 2. Perreault filed a simple assault charge against Varvaris in the Jackson Municipal Court. Varvaris responded by filing two criminal complaints of indecent exposure and soliciting sex for money against Perreault. Varvaris later added a third charge against Perreault for profane and abusive language over the telephone. It appears, as best one can tell from the ambiguous facts, that an argument transpired about the possibility of Perreault "renting" a room in the home of Varvaris. Several weeks following the argument between Varvaris and Perreault the criminal charges were filed. All four of the criminal charges were dismissed.
¶ 3. Varvaris then turned to the civil arena and filed a complaint against Perreault on three grounds which are as follows: malicious prosecution, extortion, bribery and blackmail. Perreault filed a motion to dismiss pursuant to Rule 12(b)(6). Judge Green of the Hinds County Circuit Court granted the motion to dismiss. It is from this order of dismissal that Varvaris now appeals.

STANDARD OF REVIEW
¶ 4. "A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint." Fortenberry v. City of Hattiesburg, 758 So.2d 1023(¶ 12) (Miss.Ct. App.2000). "In order to grant this motion there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim." Id. (citing Lester Eng'g v. Richland Water & Sewer Dist., 504 So.2d 1185, 1186 (Miss.1987)). Upon a motion for dismissal pursuant to Rule 12(b)(6), the pleaded allegations of the complaint must be taken as true, and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss.1990). "A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law." T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995). An appellate court conducts a de novo review of questions of law. Young v. N. Miss. Med. Ctr., 783 So.2d 661(¶ 7) (Miss.2001) (citing Miss. Transp. Comm'n v. Jenkins, 699 So.2d 597, 598 (Miss.1997); UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc., 525 So.2d 746, 754 (Miss.1987)).

ANALYSIS
¶ 5. At the outset we must note that Perreault failed to file a brief with this court. "Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984) (citing State v. Maples, 402 So.2d 350 (Miss.1981)) (emphasis added). "Automatic reversal is not required where appellee fails to file a brief." N.E. v. L.H., 761 So.2d 956(¶ 14) (Miss.Ct.App.2000) (quoting Selman v. Selman, 722 So.2d 547, 551 (Miss.1998)). "The appellant's argument `should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed.'" Selman v. Selman, 722 So.2d 547(¶ 13) (Miss.1998) quoting Muhammad v. Muhammad, 622 So.2d 1239, 1242 (Miss.1993) (quoting Griffin v. Breckenridge, 204 So.2d 855, 855 (Miss. 1967)).
¶ 6. Varvaris argues that Perreault's motion to dismiss should not have *753 been granted because he did put forth a claim for which relief may be granted. However, Varvaris makes numerous bald accusations, but the record offers no evidence to support any of these accusations. Furthermore, Varvaris fails to present any legal authority to support his appeal or the issues of his appeal, if one can decipher exactly what issues if any are presented. Therefore, this Court finds that the issue is waived not only for the failure to cite authority, but the failure to address the issue. The law is well established in Mississippi that this Court is not required to address any issue that is not supported by reasons and authority. Hoops v. State, 681 So.2d 521, 535 (Miss.1996) (citing Pate v. State, 419 So.2d 1324, 1325-26 (Miss. 1982)). Mississippi Rules of Appellate Procedure 28(a)(1)(6) gives the requirements for the argument in an appellate brief:
The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon.
Varvaris's brief fails to cite any authority to support his position. In fact, Varvaris fails to cite any legal authority in his brief. Accordingly, we hold that the trial court's order to dismiss was proper.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.