918 So.2d 795 (2005)
Deborah D. JACOBS, Appellant,
v.
Willie JACOBS, Appellee.
No. 2003-CP-02522-COA.
Court of Appeals of Mississippi.
May 17, 2005.
*796 Deborah D. Jacobs, Appellant, pro se.
Willie Jacobs, Appellee, pro se.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
BRIDGES, P.J., for the Court.
¶ 1. Willie and Deborah Jacobs divorced on December 31, 2001, by order of the Harrison County Chancery Court. Afterwards, Willie and Deborah filed motions for contempt, modification, and clarification, though none of those documents appear in the record. On November 25, 2002, the Harrison County Chancery Court entered judgment on the allegations contained within Willie and Deborah's volley of motions. The chancellor amended the December 31, 2001 judgment to provide an offset against Deborah's interest in the marital home, but otherwise directed the parties to comply with the original judgment.
¶ 2. On December 23, 2002, Deborah filed a motion for contempt of court and modification of the final order. On April 18, 2003, Willie filed a motion for clarification of the order, a motion to dismiss Deborah's motion for contempt and modification of the final order, and a counter-motion for contempt. The chancery court conducted a hearing on August 21, 2003.
¶ 3. Deborah failed to appear at the hearing. On October 17, 2003, the chancellor entered his order on the motions. The chancellor denied Deborah's motion for contempt and for modification. The chancellor also granted Willie's motion for contempt and ordered Deborah to pay attorney fees and Willie's out-of-pocket expenses. Aggrieved and proceeding pro se, Deborah appeals. Willie, also pro se, denies any error in the chancery court.
¶ 4. Deborah advances the following allegations of error in the chancery court. We alter the issues for clarity:
I. WHETHER THE LOWER COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING DEBORAH'S MOTION FOR CONTEMPT AND GRANTING WILLIE'S MOTION FOR CONTEMPT.
II. WHETHER THE LOWER COURT ERRED WHEN IT DISMISSED DEBORAH'S MOTION TO MODIFY THE FINAL ORDER TO INCLUDE A REVISED CHILD SUPPORT ORDER.
III. WHETHER THE LOWER COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ISSUED A CLARIFICATION ORDER WITHOUT DISCUSSING THAT ORDER WITH DEBORAH.
Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. As we review this domestic relations case, we are mindful that chancellors are vested with broad discretion. Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997). This Court will not disturb *797 the chancellor's findings unless the court's actions were manifestly wrong, an abuse of discretion, or the result of an application of an erroneous legal standard. Id.

ANALYSIS

I. WHETHER THE LOWER COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING DEBORAH'S MOTION FOR CONTEMPT AND GRANTING WILLIE'S MOTION FOR CONTEMPT.
¶ 6. Deborah claims that the chancellor abused his discretion by granting Willie's motion for contempt, but does not cite to the record or any relevant case law to demonstrate an instance when the chancellor abused his discretion. Likewise, the majority of the pleadings and motions referenced in Deborah's argument are absent from the record. We note that Deborah proceeds pro se, but having elected to proceed without an attorney, a person is bound by the same rules of practice and procedure as an attorney. Bullard v. Morris, 547 So.2d 789, 790 (Miss.1989).
¶ 7. Rule 28 of the Mississippi Rules of Appellate Procedure state that an appellant's argument "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon." M.R.A.P. 28(a)(1)(6). This Court is not required to address any issue that is not supported by reasons and authority. Varvaris v. Perreault, 813 So.2d 750(¶ 6) (Miss.Ct.App.2001). As such, Deborah's assertion is barred on appeal. Id.
¶ 8. Procedural bar notwithstanding, Deborah does not specify what, in particular, amounts to an abuse of discretion. Deborah simply alleges that Willie received preferential treatment "which goes back to when [Willie] was allowed to submit correspondence directed to the judge in violation of [Uniform Chancery Court Rule] 3.10.
¶ 9. Rule 3.10 of the Uniform Rules of Chancery Court prohibits "earwigging" the chancellor by communicating with the chancellor without delivering or mailing a copy of that communication to the opposing party. Within this claim, Deborah refers to a letter that Willie mailed to the chancellor after the chancery court entered the original judgment for divorce on December 31, 2001. Deborah asserts the bare allegation that Willie received preferential treatment because he earwigged the chancellor two years prior to the order from which she appeals. Rule 3.10 states that earwigging results in contempt of court. In this case, there is no indication that earwigging amounts to an abuse of discretion. We cannot see how Willie's letter, sent nearly two years before the order from which Deborah appeals, establishes an abuse of the chancellor's discretion in granting Willie's motion for contempt on October 17, 2003. Deborah's allegation is meritless.
¶ 10. However, Deborah also argues that Willie's motion for modification did not ask for relief for excess child support paid to Deborah. The record before this Court does not contain a copy of Willie's motion for modification. Regardless, the order from which Deborah does not grant relief from any excess child support. As such, there can be no abuse of discretion. We find these assignments of error to be meritless.

II. WHETHER THE LOWER COURT ERRED WHEN IT DISMISSED DEBORAH'S MOTION TO MODIFY THE FINAL ORDER TO INCLUDE A REVISED CHILD SUPPORT ORDER.
*798 ¶ 11. Deborah alleges that the chancellor erred by invalidating an Alabama child support order. Further, that the Alabama child support order controlled until December 31, 2001. Again, Deborah appeals the chancellor's decision to grant Willie's motion for contempt and deny Deborah's motions for contempt and modification. The chancellor did not invalidate any Alabama child support order on October 17, 2003. Deborah is arguing an abuse of discretion based on a decision that she did not appeal from.
¶ 12. Additionally, Deborah did not advance any authority that would support her claim. As such, we will not consider this assignment of error. Varvaris, 813 So.2d at (¶ 6).

III. WHETHER THE LOWER COURT ERRED AND COMMITTED AN ABUSE OF DISCRETION WHEN IT ISSUED A CLARIFICATION ORDER WITHOUT DISCUSSING THAT ORDER WITH DEBORAH.
¶ 13. Deborah claims that the lower court excluded her from a February 16, 2004 teleconference regarding the October 17, 2003 order. Nothing appears in the record after Deborah's notice of appeal, filed November 10, 2003. If a teleconference took place on February 16, 2004, this Court has no means to determine what took place during that teleconference. Lack of a sufficient record notwithstanding, Deborah alleges that the chancery court, by excluding her from the teleconference, violated Rule 4.3 of the Mississippi Rules of Professional Conduct. That rule discusses an attorney's conduct in dealing with unrepresented persons. Rule 4.3 states that a lawyer "dealing on behalf of a client with a person who is unrepresented by counsel . . . shall not state or imply that the lawyer is disinterested." Further, "[w]hen the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding." Id.
¶ 14. Clearly, Deborah misunderstands the provisions of Rule 4.3. There is no evidence in the record that any chancellor or attorney associated with this case violated Rule 4.3. Moreover, there is no indication that the chancellor committed any abuse of discretion in granting Willie's motion for contempt. Nor is there any indication that the chancellor erred when he denied Deborah's motions for contempt and modification. Deborah's allegation is completely meritless.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ.