928 So.2d 915 (2006)
Dianna E. ZINN, Appellant
v.
CITY OF OCEAN SPRINGS, Mississippi, Kerry Belk, Roy Eugene Yates, John T. LaCroix and XYZ, Appellee.
No. 2005-CA-00347-COA.
Court of Appeals of Mississippi.
April 25, 2006.
*918 Kelly McKoin, attorney for appellant.
Matthew Stephen Lott, Robert W. Wilkinson, Pascagoula, attorneys for appellees.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. The City of Ocean Springs seized approximately seventy three cats from the premises of Dianna Zinn after a complaint was lodged with the City regarding mistreated animals and an inspection was conducted. Zinn brought suit against the City of Ocean Springs, Kerry Belk, Roy Yates, Dr. John LaCroix, and others in the circuit court of Jackson County claiming excessive force, a violation of her Sixth Amendment right to confront accusing witnesses and a violation of her civil rights under 42 U.S.C. section 1983. The trial court dismissed the state law claims under Rule 41(b) of the Mississippi Rules of Civil Procedure and gave a directed verdict for the defendants on the section 1983 claims. Zinn appeals claiming the following:
I. WHETHER THE ORDER OF THE COURT WAS DRAWN BY COUNSEL OPPOSITE AND IS INAPPROPRIATE UNDER CANON 3(B)(5) OF THE CODE OF JUDICIAL CONDUCT
II. WHETHER THE SEARCH WARRANT IS VALID
III. WHETHER THE LOWER COURT ERRED IN ALLOWING THE ZINN'S SIXTH AMENDMENT RIGHTS TO BE VIOLATED
IV. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE CLAIMS OF ZINN UNDER 42 U.S.C. SECTION 1983
V. WHETHER THE DIRECTED VERDICT IS SUPPORTED BY THE LACK OF EVIDENCE
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Elizabeth Pinkerton purchased two cats from Zinn. These cats were later found by Pinkerton's veterinarian to be afflicted with fleas, ringworms, respiratory infection, and Giardia, a parasite harmful to humans and animals. Pinkerton's daughter eventually became ill as a result of the diseased cats. The veterinarian told Pinkerton to contact the health department or the police department to prevent the spread of disease. Thereafter, Pinkerton filed a complaint of mistreated and diseased animals with the City of Ocean Springs.
¶ 4. On April 6, 1999, after the complaint was filed, Animal Control Officer Roy Yates inspected the home of Zinn, with her permission. Officer Yates found Zinn's home to be unsuitable for cats or humans. He found the cats to be malnourished, with tails missing, open wounds and diarrhea. However, Officer Yates' primary concern was the possibility of a serious public health issue.
¶ 5. On April 15, 1999, a search warrant was issued pursuant to Officer Yates' inspection. That same day, Officer Yates and Chief Kerry Belk, the captain of the city police department, lead the search of Zinn's home. They were accompanied by John LaCroix, a veterinarian hired by the City, and other officials. The search revealed feces on the floor and furniture, old and uncleaned litter boxes with flies, and diseased cats and kittens living in every corner of the home. The search also revealed *919 litter being dumped in a public ditch near the home. The city officials seized approximately seventy three cats and kittens. After the seizure, Dr. LaCroix inspected the kittens and found that the cats had several problems, which included chronic upper respiratory tract infection, diarrhea, flea bite dermatitis, ringworm, ear hematomas, scratches, corneal scars and abrasions. Approximately twenty percent of the cats had the parasite Giardia and only fifty percent of the cats were found to be adoptable.
¶ 6. On June 23, 2000, Zinn filed a complaint against the City of Ocean Springs, Chief Belk, Yates and Dr. LaCroix. Zinn brought a claim under state law alleging excessive force. Zinn also brought a claim alleging a violation of her Sixth Amendment right to confront accusing witnesses and a violation of her civil rights under 42 U.S.C. section 1983. Zinn never propounded discovery upon the City and Zinn never took any depositions.
¶ 7. On January 18, 2005, the case went to trial and Zinn called five witnesses, including herself. Zinn also called Dr. Andy Oberneufemann and his sister, Nancy Oberneufemann, who testified that Zinn took good care of her cats and home. Zinn called Micheal Faggart to testify as a witness to the search and she called Officer Yates, the City's animal warden, to testify as an adverse witness. At the close of Zinn's case, the trial court granted a Rule 41(b) dismissal on the state law claims and a directed verdict on the section 1983 claims both in favor of the City, Belk, Officer Yates and Dr. LaCroix.

STANDARD OF REVIEW
¶ 8. When a judge considers a motion to dismiss under Rule 41(b) of the Mississippi Rules of Civil Procedure, the judge must consider the evidence fairly and not in the light most favorable to the plaintiff and dismiss the case if the judge would find for the defendant. Century 21 Deep S. Properties, Ltd. v. Corson, 612 So.2d 359, 369 (Miss.1992). If the court would find for Zinn if Zinn's evidence were all the evidence offered in the case, the court must deny the motion to dismiss. Id. "This Court applies the substantial evidence/manifest error standards to an appeal of a grant or denial of a motion to dismiss pursuant to M.R.C.P. 41(b)." Id. Therefore, this Court "may only reverse if it finds the trial court abused its discretion." Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990).
¶ 9. The standard of review regarding the directed verdict for the section 1983 claim is different than that applicable to a motion to dismiss granted under Rule 41(b). Corson, 612 So.2d at 369. "The essence of a motion for directed verdict is that there is no genuine issue of material fact and that the moving party is entitled to a judgment on the law applicable to the established facts." Love v. King, 784 F.2d 708, 710 (5th Cir.1986). A court must consider all of the evidence on a motion for directed verdict, not just the evidence supporting the non-movant's case, with all the reasonable inferences most favorable to the non-moving party. Id. The motion should be granted if the facts point so strongly in favor of one party that reasonable minds could not arrive at a contrary conclusion. Id. "A mere scintilla of evidence is insufficient to present a question for the jury." Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir.1969).

ANALYSIS

I. WHETHER THE ORDER OF THE COURT WAS DRAWN BY COUNSEL OPPOSITE AND IS INAPPROPRIATE UNDER CANON 3(B)(5) OF THE CODE OF JUDICIAL CONDUCT
¶ 10. Canon 3(B)(5) of the Code of Judicial Conduct states in part:

*920 [a] judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, gender, religion, national origin, disability, age, sexual orientation or socioeconomic status, and shall not permit staff, court officials and others subject to the judge's discretion and control to do so.
Zinn claims that the trial court allowed counsel opposite to write the opinion of the trial in violation of Canon 3(B)(5) and, therefore, the judgment before this Court is not an accurate account of the trial court's ruling. Although Zinn states the trial court violated the Code of Judicial Conduct as an issue, Zinn does not further discuss, or even mention, Canon 3 of the Code of Judicial Conduct in her brief nor does Zinn cite to any relevant case law to demonstrate an instance in which the court performed its duty with bias or prejudice. Rule 28 of the Mississippi Rules of Appellate Procedure states that an appellant's argument "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon." M.R.A.P. 28(a)(1)(6). "This Court is not required to address any issue that is not supported by reasons and authority." Jacobs v. Jacobs, 918 So.2d 795, 797(7) (Miss. Ct.App.2005) (citing Varvaris v. Perreault, 813 So.2d 750, 753(6) (Miss.Ct.App.2001)). Therefore, this issue is procedurally barred.

II. WHETHER THE SEARCH WARRANT IS VALID
¶ 11. Probable cause must exist for a valid search warrant to be issued. Lee v. State, 435 So.2d 674, 676 (Miss. 1983). The United States Supreme Court has held "that probable cause exists when the facts and circumstances in a given situation are sufficient to warrant a man of reasonable caution to believe that seizable objects are located at the place to be searched." Id. (citing Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). In considering whether probable cause exists, the court must look to the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "[T]he duty of the reviewing court is to ensure that the magistrate had a `substantial basis for . . . conclud[ing]' that probable cause existed . . . ." Id.
¶ 12. Zinn claims that the search warrant was invalid for lack of probable cause because the affidavit was hearsay. Zinn does not cite any authority to support her contention and Zinn incorrectly states that Pinkerton's phone call was the basis for the affidavit. Rather, on April 6, 1999, the animal control officer inspected the home of Zinn after Pinkerton informed the health department of the conditions at Zinn's home. Officer Yates detailed the condition of the cats and the living condition in the affidavit, not Pinkerton, as Zinn claims. Therefore, the observations of the animal control officer provided the basis for the probable cause and is not hearsay because he was merely reciting what he perceived.
¶ 13. Zinn claims she saw the search warrant but she did not see the accompanying affidavit and, therefore, the search warrant was invalid. The Supreme Court of Mississippi had held "[t]here is no statute or case law that requires that the affidavit must be attached to the search warrant, so as to make the search warrant invalid if the affidavit is absent." Barrett v. Miller, 599 So.2d 559, 566 (Miss.1992). Therefore, Zinn's contention that the search warrant is invalid is without merit.

*921 III. WHETHER THE TRIAL COURT ALLOWED ZINN'S SIXTH AMENDMENT RIGHTS TO BE VIOLATED
¶ 14. Zinn argues that she was deprived of her Sixth Amendment right to confront witnesses which caused her to be harmed and slandered. Although the Sixth and Fourteenth Amendments allow the right to confront accusing witnesses, a speedy trial, the assistance of counsel, a trial by jury, and adequate notice of charges, these rights are not enforced until the time of information, formal indictment or actual restraints are imposed by arrest and holding to a criminal charge. Perry v. State, 637 So.2d 871, 874 (Miss.1994). Although Zinn received a "Junk Ordinance" violation warning letter, Zinn was not charged for criminal conduct. Therefore, the claim that Zinn's Sixth Amendment right was violated is without merit.

IV. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE CLAIMS OF ZINN UNDER 42 U.S.C. SECTION 1983
¶ 15. Zinn claims that she was deprived of her civil rights, privileges and immunities in violation of 42 U.S.C. section 1983 because the agents of the City of Ocean Springs misused their power under the authority of state law. Zinn contends that the agents damaged her personal property in the amount of $45,000, misdiagnosed her cats, and caused her stress and humiliation. Zinn argues that the raid on her home was "intentional and deliberate action taken by appellees to deprive appellant of her constitutional rights." To prove the agents of the City of Ocean Springs violated her rights, Zinn claims that her personal testimony and testimony from an employee of the animal control department of Ocean Springs, Officer Yates, was sufficient.
¶ 16. Section 1983 makes every person liable "who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983 (1994). Local government units are considered "persons" under the statute. Worsham v. City of Pasadena, 881 F.2d 1336, 1339 (5th Cir.1989). "The constitutional deprivation, however, must have its origin in what can fairly be said to be a policy of the municipality." Id. The respondeat superior theory does not apply in actions against municipalities brought under section 1983. Id. "Municipal liability based on the actions of city officials, exists only where it can be shown that the officials acted in accordance with an official government policy or firmly entrenched in custom." Id. (citing Monell v. City of New York Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). In Monell, the court was aware that governmental agencies act only through natural persons and held that "these governments should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." Id.
¶ 17. The trial court held that Zinn failed to prove that she was deprived of a right secured by the Constitution and that the City of Ocean Springs inflicted injury upon her in the execution of governmental policy or custom. Regarding the agents of the City of Ocean Springs, the court held that Zinn failed to show that their "actions violated clearly established constitutional rights that a reasonable officer would have known."
*922 ¶ 18. Zinn claims that her rights were violated under section 1983 because the government agents used excessive force and they should have known that the search warrant was invalid. As discussed above, the search warrant was valid. Regarding excessive force, Zinn did not propound discovery or depose any witnesses to gain knowledge of the customs and policies of the state. At trial, Zinn did not call any witnesses to testify about violations of state policies or to testify that the state policies were unconstitutional. Zinn does not state any specific policies the officials were following nor does Zinn attempt to explain why these policies were unconstitutional. The trial court did not abuse its discretion in holding that Zinn failed to prove that the government agents violated her constitutional rights. This issue is without merit.

V. WHETHER THE DIRECTED VERDICT IS SUPPORTED BY THE LACK OF EVIDENCE
¶ 19. Zinn argues that the directed verdict was not supported by the evidence and her testimony. Zinn contends that jurors would have ruled that there was a Fourth Amendment violation had the jury heard the evidence. Zinn also contends that she should have been allowed to testify as an expert witness.
¶ 20. The only issue for the jury was the section 1983 claims. All of the other claims were to be decided by the trial court under the Mississippi Tort Claims Act. Therefore, Zinn's argument that the jury would have found a Fourth Amendment violation is misplaced. Additionally, Zinn's contention that the trial judge erred when he did not allow her to testify as an expert regarding cats, is irrelevant to the 1983 claim. As discussed above, the judge did not err by granting a motion to dismiss under Rule 41(b) on the section 1983 issue because Zinn failed to prove her claim. Therefore, this issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., NOT PARTICIPATING.