ISHEE, J.,
dissenting:
■¶27. I respectfully dissent from the majority’s opinion affirming Robinette’s conviction of -driving under the influence. First, it should be noted 'that the State of Mississippi failed to file an appellee’s brief in this appeal. “Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.” Varvaris v. Perreault, 813 So.2d 750, 752 (¶ 5) (Miss.Ct.App.2001) (citing Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). “In order to merit reversal, the appellant’s argument should at least create enough doubt in the judiciousness of the trial court’s judgment that this Court cannot say with confidence that the case should be affirmed.” Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶3) (Miss.Ct.App.2005) (citation omitted).
¶ 28. Robinette was convicted of “operating a vehicle within the state,under the influence of an intoxicating liquor,” also known as “common-law DUI.” As the majority correctly points out, in order for Robinette to be guilty of such, the State was required to produce sufficient evidence showing that on the evening in question, Robinette’s “ability to [operate] the vehicle was impaired by [her] consumption of alcohol.” Gilpatrick, 991 So.2d at 133 (¶ 18). I do not believe this burden was metl
¶ 29. Officer Mattox testified that when he approached Robinette’s vehicle, the smell- of an alcoholic beverage was emanating from the vehicle, but it is undisputed that Robinette had consumed a glass of wine, and that there was an open bottle of wine in the car, either of which could have accounted for the smell. Then, Officer Webb first testified that Robinette’s “speech was somewhat thick-tongued and slurred,” but when asked the degree to which her speech was impaired, he admitted that “she wasn’t sloppy slurred, but there was a good — eveiy now and then you would kind of catch it.” Upon reviewing the video, of the conversations that took place between Robinette and the police *683 officers, I observed no slurring of her speech.
¶30. Finally, throughout the record, much was made of the conditions from which Robinette suffers, and how her symptoms might have impacted the outcome of a sobriety test. She suffers from vertigo and inner-ear problems that affect her balance, so Officer Webb did not administer the walk-and-turn test or the one-leg stand test. He administered the horizontal-gaze-nystagmus test in which he reportedly observed all six indicators of impairment. However, Dr. Hayne testified that someone suffering from Meniere’s disease, like Robinette, would have nystag-mus all of the time. For these reasons, I cannot say with full confidence that Robi-nette’s conviction should be affirmed. Accordingly, due to the appellee’s failure to file a brief, I would reverse and render the circuit court’s judgment.