# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01721-COA

CONTENNA WALKER                                                          APPELLANT

v.

DAVITA HEALTH CARE PARTNERS, INC.,                           APPELLEES
DAVITA KIDNEY CARE, AND PATRICIA
THOMPKINS

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HIAWATHA NORTHINGTON II |
| ATTORNEYS FOR APPELLEES: | SCOTT W. PEDIGO |
| | NAKIMULI ONI DAVIS-PRIMER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION TO DISMISS |
| DISPOSITION: | AFFIRMED – 03/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Contenna Walker appeals the judgment of the Madison County Circuit Court, dismissing her complaint against DaVita Health Care Partners, Inc., DaVita Kidney Care, and Patricia Thompkins (Appellees), arguing that the court erred in granting the Appellees' Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss.

¶2.    Finding no error, we affirm.

## FACTS

¶3.    In 2009, Walker began working for DaVita Health Care as a registered nurse.  She

alleges that in August 2012, Patricia Thompkins, her supervisor, asked her to refute allegations that Thompkins had improperly disseminated personal information about other DaVita Health Care employees. Walker claims that she refused to do so and was bullied, humiliated, and threatened by Thompkins over the next couple of months. In addition, she alleges that she was subjected to verbal and written criticism by Thompkins for her exposure of Thompkins's "improper work behavior." On or about October 12, 2012, Walker received notice from Thompkins that Walker was being terminated.

¶4.    On January 7, 2015, Walker filed a complaint in the Hinds County Circuit Court alleging negligent and/or intentional infliction of emotional distress. On March 31, 2015, she amended her complaint to include the ground of wrongful termination. On July 31, 2015, the court granted DaVita Health's motion to transfer venue to Madison County. Davita Health then filed a motion to dismiss Walker's complaint pursuant to Rule 12(b)(6). The court found that all of Walker's claims failed as a matter of law and granted DaVita Health's motion to dismiss. This appeal followed.[1]

## DISCUSSION

¶5.    "A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. In order to grant this motion[,] there must appear to a certainty that the plaintiff is entitled to no relief

---

[1] In Walker's response to DaVita Health's motion to dismiss, she conceded that her intentional-infliction-of-emotional-distress claim was not timely filed and would not be pursued. Walker's negligent-infliction-of-emotional-distress claim is also not before us on appeal; therefore, the only issue that will be addressed on appeal is Walker's wrongful-termination claim.

2

under any set of facts that could be prove[n] in support of the claim." *Fortenberry v. City of Hattiesburg*, 758 So. 2d 1023, 1026 (¶12) (Miss. Ct. App. 2000). "A Rule 12(b)(6) motion to dismiss must be decided on the face of the pleadings alone." *Williams v. Mueller Copper Tube Co.*, 149 So. 3d 527, 529 (¶3) (Miss. Ct. App.).

¶6.     Walker argues that her complaint should not have been dismissed because she sufficiently pled her wrongful-termination claim, citing the public-policy exception to the employment-at-will doctrine set out by the Mississippi Supreme Court in *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993). Generally, "[i]n Mississippi—when there is no written employment contract—the employment relationship is at-will, which means that an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *Galle v. Isle of Capri Casinos, Inc.*, 180 So. 3d 619, 622 (¶13) (Miss. 2015) (internal quotations omitted). However, the supreme court established a narrow exception in *McArn*, outlined as follows:

> [T]here should be in at least two circumstances, a narrow public policy exception to the employment at will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an **illegal act** . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer. To this **limited extent** this Court declares these public policy exceptions to the age old common law rule of employment at will.

*McArn*, 626 So. 2d at 607 (emphasis added). Walker contends that her claim falls under the

3

first *McArn* exception—"refus[ing] to participate in an illegal act." *Id.* She argues that her refusal to refute allegations that Thompkins improperly disseminated personal information about DaVita Health employees led to harassment and ultimately her termination. She asserts that Thompkins's actions amounted to fraud—an illegal act—which justifies her protection under *McArn*.

¶7. Consequently, she argues that the allegations made in her complaint were not successfully refuted by DaVita Health; therefore, taking the statements in her complaint as true, and applying the *McArn* exception, the circuit court should have denied the motion to dismiss.

¶8. DaVita Health responds that the circuit court was not in error because Walker's allegations were not sufficiently pled in her complaint under the requirements of Mississippi Rule of Civil Procedure 8; and the *McArn* exceptions do not apply to the conduct alleged, even if taken as true. With respect to Rule 8, DaVita Health argues that Walker failed to provide a sufficient factual basis showing that she was entitled to relief. In addition, DaVita Health argues that she failed to provide specificity regarding any illegal activity to support her claim of wrongful termination under *McArn*.

¶9. Since Walker was admittedly an at-will employee, in order for her wrongful-termination claim to be actionable under these facts, it must fall within the *McArn* exception. This Court has clearly held that the "[a]pplicability of the [*McArn*] exception does not require that a crime has already been committed, . . . but it does require that the acts complained of

4

warrant the imposition of criminal penalties, as opposed to mere civil penalties." *Hammons v. Fleetwood Homes of Miss., Inc.*, 907 So. 2d 357, 360 (¶11) (Miss. Ct. App. 2004).

¶10.    In claiming that she was discharged for refusing to refute allegations that Thompkins had improperly disseminated personal information of DaVita Health employees, Walker fails to identify any actionable illegality, and, thus, fails to satisfy the requirements of *McArn*.

¶11.    Therefore, the circuit court was correct in granting the Appellees' Rule 12(b)(6) motion to dismiss Walker's claim.  Accordingly we affirm.

¶12.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, CONCUR.  CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**