803 So.2d 1186 (1999)
Becky POWELL, Hal Fiser and Hal Fiser Agency, Appellants,
v.
COHEN REALTY, INC., Stanley Cohen and William Howell, Appellees.
Jane P. Goudelock, Appellant,
v.
Becky Powell, Hal G. Fiser and Hal Fiser Agency, Appellees.
Nos. 1998-CA-01579-COA, 1998-CA-01618.
Court of Appeals of Mississippi.
November 16, 1999.
*1188 Christian Goeldner, Goeldner & Walsh, Southaven, Gregory C. Morton, Attorneys for Appellants.
William O. Luckett, Jr., Luckett Law Firm, P.A., Clarksdale, Robert M. Tyner, Jr., Attorneys for Appellees.
BEFORE KING, P.J., BRIDGES, DIAZ, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Jane P. Goudelock brought suit against Becky Powell, Hal G. Fiser, and Hal Fiser Agency (collectively referred to as Fiser), all of whom were parties to the transaction by which she purchased her home. She alleged that the seller's disclosure statement, which is required under Mississippi law, did not disclose certain major defects of the house which the seller and his agent knew or should have known existed. The Coahoma County Circuit Court found that there were no genuine issues of material fact and granted Fiser summary judgment. Aggrieved with this decision, Goudelock appeals citing the following assignment of error which we quote verbatim from her brief
1. IN ERROR, WHEN GRANTING SUMMARY JUDGMENT TO DEFENDANT'S SELLERS AGENT AND SELLER'S BROKER, BY RULING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AND THAT THESE DEFENDANTS WERE ENTITLED TO JUDGMENT OF DISMISSAL AS A MATTER OF LAW?
Finding no error, we affirm the judgment of the circuit court.

I. FACTS
¶ 2. In November 1994, Goudelock decided to purchase a home in Coahoma County, Mississippi. She found a single family residence for sale located in Clarksdale, Mississippi. The property was owned by James and Linda Ashmore. The Ashmores were represented by Hal Fiser Agency, who was the listing broker for said property. Goudelock, through her real estate agent, Billy Howell, contacted Hal Fiser Agency and expressed her interest in the property. The listing agent, Becky Powell, who was an employee of Hal Fiser Agency, then furnished Goudelock with a disclosure statement dated September 6, 1994. This statement, as required under Miss.Code Ann. § 89-1-503(b) (1972), must be furnished by a seller and the seller's agent to a buyer before a contract for the purchase of the property is made. This statement describes certain conditions of the property and, in this case, stated several known defects and was signed by the Ashmores. Although Fiser provided Goudelock with the disclosure statement, they did not show her the house. The house which was available for showing under a Multiple Listing Service, was shown by Howell, who worked for Cohen Realty, Inc. Both Goudelock and her husband made pre-purchase inspections of the house. On October 19, 1994, Goudelock entered into a contract with the Ashmores to purchase the property. The transaction closed on November 19, 1994, and Goudelock took possession of the property shortly thereafter. After taking possession of the property, Goudelock claimed to have experienced problems with the house which were not disclosed to her prior to purchase or that she did not discover in the pre-purchase inspection. Some of the alleged defects included settlement *1189 of the house, water drainage under the house, mold infestation, defective electrical system, roof damage, cracks in the plaster, peeling exterior paint, and plumbing problems.

II. PROCEEDINGS BELOW
¶ 3. Goudelock filed a civil action in the Coahoma County Court against the sellers and Fiser, alleging misrepresentation and fraud. Fiser argued that they did not owe, nor did they breach any duty to Goudelock. Fiser then filed a third party complaint against Cohen alleging that Howell was a subagent of Cohen and therefore liable to Fiser in the event that Fiser was found to be liable to Goudelock. By the agreement of all parties, the case was transferred to the Circuit Court of Coahoma County. Fiser filed a motion for summary judgment asking the court to dismiss Goudelock's complaint against them. The trial court found that there was no unmet legal duty on the part of Fiser and, consequently, Howell and Cohen. The trial court also determined that there were no genuine issues of material fact; and therefore, he granted summary judgment. Immediately after the trial court's decision, Goudelock dismissed the Ashmores from the suit. Goudelock has now perfected this appeal against Becky Powell, Hal Fiser, and Hal Fiser Agency. This case has been consolidated with an appeal filed by Fiser against William Howell and Cohen Realty. In Fiser's appeal, they argue that if this Court reverses the trial court's order granting summary judgment, then Cohen is derivatively or secondarily liable to Fiser. Although we find no order of consolidation from the trial court, it is apparent from the record that the parties agreed to consolidate the cases before the matter was set for trial.[1] We are therefore treating this matter as a consolidated case.

III. ARGUMENT AND DISCUSSION OF LAW

A. STANDARD OF REVIEW
¶ 4. In summary judgment appeals, this Court employs a de novo review of the record. Hall v. Mid-America Dairymen, Inc., 727 So.2d 776 (¶ 9) (Miss.Ct.App. 1999); Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 661 (Miss.1994). A trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). A fact is material if it "tends to resolve any of the issues, properly raised by the parties." Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991) (citing Mink v. Andrew Jackson Casualty Ins. Co., 537 So.2d 431, 433 (Miss.1988)). The evidence must be viewed in the light most favorable to the nonmoving party. Nationwide Mut. Ins. Co., 636 So.2d at 661. If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted in that party's favor. Id. On appeal, "[i]f any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed." Box v. State Farm Mut. Auto. Ins. Co., 692 So.2d 54, 55 (Miss.1997).

B. SUMMARY JUDGMENT

Did the trial court err by ruling that there were no genuine issues of material fact and granting summary judgment?
¶ 5. It is a well settled position of this Court that "[w]e require counsel not only to make a condensed statement of the case but, must also support propositions of *1190 law with reasons and authorities." Hoops v. State, 681 So.2d 521, 536 (Miss.1996)(quoting Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982)). Goudelock argues that she has several causes of action against Powell and Fiser, the seller's agents, and Hal Fiser Agency, the seller's broker. In her brief, Goudelock alleges negligent misrepresentation, fraudulent misrepresentation, and violations of Miss.Code Ann. § 89-1-523 and § 73-35-31(2). Although the appellant's brief cites two cases to support her argument on negligent misrepresentation, she gives no reasons as to why these cases apply to her position. Id. Further, on the remaining causes of action, the brief makes a general assertion that Fiser made misrepresentations to Goudelock. The Mississippi Rules of Civil Procedure state that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." M.R.C.P. 9(b). In this case, Goudelock makes a general allegation of fraudulent misrepresentation, but she does not state with particularity the circumstances surrounding the fraud. Id. She also cites no authority as a basis for her argument, nor does she give any reasons to support her propositions. Hoops, 681 So.2d at 536. The Mississippi Supreme Court has frequently held that propositions unsupported by reasons and authority are considered to have been waived. Thibodeaux v. State, 652 So.2d 153, 155 (Miss.1995); Dozier v. State, 247 Miss. 850, 853, 157 So.2d 798, 799 (1963). This Court is under no duty to consider assignments of error when the appellant fails to provide authority and support for those assignments. Drennan v. State, 695 So.2d 581, 586 (Miss.1997). Therefore, this assignment of error is barred.
¶ 6. Alternatively, however, this assignment of error is without merit. Goudelock argues that Fiser made misrepresentations to her by failing to disclose certain conditions of the house. Fiser contends that they, as the seller's agent, have no duty to Goudelock, the buyer. The lower court determined that Fiser owed no duty to Goudelock due to the fact that they were representing the sellers of the home, the Ashmores. The Mississippi Supreme Court has stated that "[r]eal estate brokers have a duty to act solely for the benefit of their principals in all matters connected with the agency." Century 21 Deep South Properties v. Corson, 612 So.2d 359, 368 (Miss.1992). However, this duty does not shield an agent from liability for knowingly assisting in misrepresentations. Lee Hawkins Realty Inc. v. Moss, 724 So.2d 1116 (¶ 9) (Miss.Ct.App.1998).
¶ 7. To establish a claim on fraudulent misrepresentation, the elements of fraud must be proven by clear and convincing evidence. Levens v. Campbell, 733 So.2d 753 (¶ 35) (Miss.1999). These elements include:
(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.
Id.
¶ 8. In the case sub judice, there is no record evidence that Goudelock had any contact with Fiser until the day of closing. Fiser provided Goudelock with a disclosure statement as required by Miss.Code Ann. § 89-1-501 (1972). The Ashmores filled in the sellers disclosure statement, and they did disclose several defects that were present in the house. Goudelock had in her possession a copy of the disclosure statement, and she had also inspected the house with her own agent, William Howell. After *1191 examining the evidence, it is clear that Fiser had no contact with Goudelock and made no representations to her about the condition of the house. Goudelock failed to sustain her burden of proof of the element of fraud and fraudulent misrepresentation; therefore, we hold that the trial court acted properly in granting summary judgment on this claim.
¶ 9. Goudelock also asserts a claim on negligent misrepresentation, which must be proven by a preponderance of evidence. Levens, 733 So.2d. 753 (¶ 40). To prove negligent misrepresentation, Goudelock must show
(1) a misrepresentation or omission of a fact; (2) that the representation is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance.
Id.
¶ 10. There was no evidence presented to show that Fiser or the Ashmores were making misrepresentations, and there was also no evidence that would show that Fiser was assisting the sellers in any deceit. Moss, 724 So.2d at 1119 (¶ 12). A broker is subject to act solely for the benefit of the principal in all matters connected with the agency. Corson, 612 So.2d at 368. Absent a misrepresentation, the broker owes no duty to the buyer of the property. Id. There was no evidence presented to show that Fiser wilfully, negligently, or fraudulently made misrepresentations to Goudelock. Based upon review of the record of appeal, Goudelock failed to establish the necessary proof to pursue these claims. Accordingly, the judgment of the lower court granting summary judgment is affirmed.
¶ 11. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT, JANE P. GOUDELOCK.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] We find no objection by either party to the consolidation of these cases.