914 So.2d 1260 (2005)
Sandra Kaye TAYLOR, Appellant
v.
Earl KENNEDY, Appellee.
No. 2004-CP-02019-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*1261 Sandra Kaye Taylor, Appellant, pro se.
Earl Kennedy, Appellee, pro se.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Earl Kennedy filed for a writ of replevin against Sandra Kaye Taylor in the Justice Court of Pearl River County Mississippi. Kennedy sought to recover a computer and software. He filed an affidavit stating that the value of the computer and software was $2,500. After hearing testimony from both sides, the justice court dismissed the suit with prejudice for lack of jurisdiction, holding that the amount in controversy was more than $2,500. Kennedy then appealed to the Circuit Court of Pearl River County Mississippi. The circuit court ruled in favor of Kennedy and against Taylor in the amount of $2,500. Taylor now appeals, and raises the following assignments of error: (1) whether the decision of the circuit court should be overturned in view of "non-justification" ruling and dismissal with prejudice by justice court; (2) whether the circuit court judgment denied Taylor due process; (3) whether the circuit court erred in reversing the judgment of the justice court; (4) whether the judgment of the circuit court amounted to an abuse of discretion; (5) whether the circuit court judge should have recused himself.

ISSUES AND ANALYSIS
¶ 2. We must first note that Kennedy failed to file a brief with this Court. This Court has long held that an appellee's failure to file a brief is tantamount to *1262 confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error. Varvaris v. Perreault, 813 So.2d 750, 752(¶ 5) (Miss.Ct. App.2001) (citing Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). "Automatic reversal is not required where appellee fails to file a brief." Id. (citing N.E. v. L.H., 761 So.2d 956, 962(¶ 14) (Miss.Ct.App.2000)).
¶ 3. Kennedy's failure to file a brief with this Court does not require automatic reversal. In order to merit reversal, "the appellant's argument `should at least create enough doubt in the judiciousness of the trial court's judgment that this Court cannot say with confidence that the case should be affirmed." Id. (citing Selman v. Selman, 722 So.2d 547, 551(¶ 13) (Miss. 1998)). In the instant case, Taylor's brief to this court is void of any authority whatsoever. Furthermore, her brief is rambling and largely incoherent. Thus, Taylor's argument fails to create the requisite doubt in the judiciousness of the trial court's judgment to warrant automatic reversal.
¶ 4. The absence of authority in Taylor's brief has additional consequences. It is the appellant's duty "to provide authority in support of an assignment of error." United Plumbing & Heating Co., Inc. v. Mosley, 835 So.2d 88, 92 (Miss.Ct. App.2002) (quoting McNeil v. Hester, 753 So.2d 1057, 1075 (¶ 65) (Miss.2000)). It is well established that this Court is not required to address any issue that is not supported by reasons and authority. Varvaris, 813 So.2d at 753(¶ 6) (citing Hoops v. State, 681 So.2d 521, 535 (Miss.1996)). Failure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment. Mosley, 835 So.2d at 92(¶ 8) (citing Powell v. Cohen Realty, Inc., 803 So.2d 1186, 1190(¶ 5) (Miss.Ct.App.1999)). Pursuant to the Mississippi Rules of Appellate Procedure 28(a)(1)(6) the argument in an appellant brief must contain "the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon." Therefore, due to Taylor's complete failure to cite authority in her brief, we decline to address her assignments of error.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.