ISHEE, J.,
for the Court:
¶ 1. On August 27, 1999, Howard Hall and Varnell Lewis executed an “Intervi-vous and Testamentary Contract” (contract), and a respective will each. The contract provided property interests for each party in certain property located in Itawamba County, Mississippi, which was titled in Hall’s name alone. The property included a home built and paid for by Hall. Each party’s will devised the property’s ownership to the other upon that party’s death. However, in 2005, the relationship between Hall and Lewis ended. That year, Hall changed his will to reflect the passing of ownership in the property to his children as the sole heirs. He later denied Lewis’s request to move a mobile home onto the property, at which point Lewis sought legal action in the Itawamba County Chancery Court against Hall to enforce the contract. After a trial took place, the chancery court awarded Lewis $40,000, but determined that Hall’s payment of the money would fulfill the contract’s terms and dissolve any interests Lewis may have had pursuant to the contract or the wills. Aggrieved, Hall appeals claiming the chancellor erred by awarding Lewis money through the contract’s terms. Finding no error, we affirm the chancery court’s judgment.
STATEMENT OF FACTS
¶ 2. Prior to Hall’s purchase of the property, he and Lewis were involved in a romantic relationship for several months. In 1998, Hall purchased the property, which is titled in his name alone. He then built a home on the property. The property is valued at approximately $80,000.
¶ 3. In 1999, Hall and Lewis executed the contract which stated the following:
WHEREAS the parties to this contract have a mutually rewarding relationship, in which each has contributed to the acquisition of certain property and the improvement and enjoyment of said property, and
WHEREAS[] the parties are desirous of providing for the future of each party and the sure inheritance of the property, and
WHEREAS[] each party has this day executed an Individual Last Will and Testament providing for the inheritance of their property, (a copy of the deeds describing said property being attached hereto), and
WHEREAS each party wants to secure the future ownership of the property, or of any property which replaces this in the future,
NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00), cash *1059 in hand paid, and other good and valuable consideration flowing between the parties, the receipt and sufficiency of all of which is hereby acknowledged, we, Howard Hall and Varnell Lewis, do hereby pledge that Varnell Lewis shall have a life estate in and to the attached described property, and that in the event that the property is sold during her lifetime, she will be entitled to one-half of the proceeds from the sale, and shall in addition be entitled to a life estate in any property acquired to replace this property, and that the Last Will and Testament executed by Howard Hall and Varnell Lewis on [the] 27th day of August 1999, shall remain in full force and effect and may not be changed by either party. We further agree that a violation of this agreement may result in a suit for damages for the value of the property.
Each party then'executed a will devising the property’s ownership in its entirety to the other party upon that party’s death.
¶ 4. In 2005, the couple ended their relationship. Hall soon changed his will to reflect the inheritance of the property by Hall’s grown children as the sole heirs, with Lewis not receiving any interest in the property. In 2007, Lewis attempted to move a mobile home onto the property. She asserted that the contract granted her adequate property rights to do so. Nonetheless, Hall refused to allow Lewis’s mobile home on the property.
¶ 5. Lewis soon filed a complaint in the chancery court seeking enforcement of the contract. After a trial on the merits, the chancery court determined that the contract was valid and binding. As such, the chancery court stated: “[P]ursuant to the last sentence of [the] contract concerning damages, the [c]ourt is of the opinion that Ms. Lewis should be and is hereby awarded a judgement [sic] against Mr. Hall in the amount of $40,000, which is one-half of the value of the property.” The chancery court went on to note that “by paying this $40,000, Mr. Hall has satisfied all the terms of the contract. There is no longer a life estate in any property, and all restrictions are lifted from the property in question, both [the] personal property and the real property.”
¶ 6. Hall appeals, claiming the chancery court erred in awarding Lewis $40,000. Hall asserts the contract did not represent a meeting of the minds between himself and Lewis. Accordingly, he claims the chancery court erred by enforcing the contract.
DISCUSSION
¶ 7. Our scope of review of a chancellor’s decision is limited. Howard v. Gunnell, 68 So.3d 589, 597 (¶ 16) (Miss.Ct.App.2011). ‘We acknowledge that this Court will not disturb a decision of a chancellor absent a finding that he or she is manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard.” Id. (citation and quotation omitted). Nonetheless, we are not required to engage in an analysis of any decision when the appellant’s argument is not supported by authority. Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶ 4) (Miss.Ct.App.2005) (citation omitted). “Failure to cite authority to support an argument renders an issue procedurally barred.” Wackenhut Corp. v. Fortune, 87 So.3d 1083, 1094 (¶ 35) (Miss.Ct.App.2012) (citation omitted).
¶ 8. The appellant provides this Court with a nineteen-page brief, but fails to cite a single authority for his claims. As such, we are procedurally barred from adjudicating his appeal. However, assuming ar-guendo that Hall’s claim is not procedurally barred, it is without merit.
*1060 ¶ 9. Hall’s challenge to the contract is predicated upon the notion that the signature on the document is not Hall’s and that the contract is unconscionable because it prevents him from devising the property to his chosen heirs. However, with regard to Hall’s claim that he did not sign the contract, the contract was notarized and witnessed by paralegal Kimberly Fears, who attested to the parties’ signatures on the contract. This is valid evidence in itself that the signature on the contract is Hall’s. This issue is without merit.
¶ 10. Additionally, Mississippi law provides that a contract to devise or bequeath property by will is enforceable. Williams v. Mason, 556 So.2d 1045, 1048 (Miss.1990) (citing Trotter v. Trotter, 490 So.2d 827, 830 (Miss.1986) (citation omitted)). With regard to oral promises to devise property, the Mississippi Supreme Court has held that “[a] will, when written in conformity and compliance with the agreement, was a consideration which belonged to the appellee. The testator had no right to revoke it, and its attempted revocation, if deliberately made, constituted a fraud upon [the appellee.]” Johnston v. Tomme, 199 Miss. 337, 347, 24 So.2d 730, 732 (1946).
¶ 11. Here, not only did Hall’s and Lewis’s wills reflect the agreement between them, the agreement itself was written by an attorney, signed by both parties, and notarized. This constitutes “clear, definite[,] and certain evidence” of the parties’ intentions. Trotter, 490 So.2d at 830. Hall’s assertion that the contract is unconscionable is, therefore, also meritless. Accordingly, we cannot find error in the chancery court’s enforcement of the contract.
¶ 12. THE JUDGMENT OF THE ITAWAMBA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.