JAMES, J.,
for the Court:
¶ 1. Ryan Savinell pled guilty to armed robbery and was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with eight years to be served on post-release supervision. Initially, Savinell filed a motion for *863 post-conviction relief (PCR) that was dismissed. Savinell filed a second PCR motion that was also dismissed. Savinell appeals, raising the following issues: (1) whether the State misrepresented the evidence; (2) whether the State failed to comply with discovery; (3) whether his guilty plea was involuntary; (4) whether he received ineffective assistance of counsel; and (5) whether there was newly discovered evidence. Finding no error with the trial court’s decision, we affirm.
FACTS
¶ 2. On August 31, 2009, Savinell entered a plea of guilty to armed robbery. Savinell was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with eight years of post-release supervision. Savinell filed a PCR motion, which was dismissed on January 5, 2012. Then he filed a motion for rehearing, which was denied on January 27, 2012. Savinell appealed the dismissal; however, the appeal was also dismissed because he failed to pay the costs associated with the appeal.
¶ 3. On November 2, 2012, Savinell filed a second PCR motion. The trial court dismissed the motion, finding that it was procedurally barred because of res judica-ta, and the motion was a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2013). Savinell appeals.
STANDARD OF REVIEW
¶ 4. Generally, “[w]e review the dismissal or denial of a PCR motion for abuse of discretion.” Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012). The trial court’s factual findings will not be disturbed unless they are clearly erroneous. Id. However, the standard of review for questions of law is de novo. Id.
DISCUSSION
¶ 5. Savinell raises five issues on appeal. However, the dispositive issue is whether the trial court made an erroneous decision in dismissing Savinell’s second PCR motion. On January 5, 2012, Savi-nell’s first PCR motion was dismissed. He filed a motion for rehearing that was denied on January 27, 2012. Savinell appealed, and the appeal was dismissed because he failed to pay the costs of the appeal. On November 2, 2012, Savinell filed a second PCR motion. The trial court found that the second PCR motion was a successive writ and had no merit. We agree and affirm the judgment of the trial court.
¶ 6. According to the Uniform Post-Conviction Collateral Relief Act (UP-CCRA), “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6). As the petitioner, Savinell carries the burden of “proving by a preponderance of the evidence that his claims are not barred as successive writs.” Williams v. State, 110 So.3d 840, 843 (¶ 13) (Miss.Ct.App.2013).
¶ 7. The trial court observed that in the second motion, Savinell asserted two of the same arguments as he did in his first PCR motion. We have held that “[a]n issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant.” Ratcliff v. State, 120 So.3d 1058, 1060 (¶5) (Miss.Ct.App.2013). Thus, the previous arguments made by Savinell are barred by res judicata. However, it is a well-settled rule that “[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.” Williams, 110 So.3d at 843 (¶ 15). Nevertheless, Sa-vinell’s motion does not fall under any exception to the procedural bar.
*864 ¶ 8. Savinell also raises new issues in his second PCR motion. Failure to raise a claim when there was an earlier opportunity to do so constitutes a waiver of that claim. Miss.Code Ann. § 99-39-21(1) (Rev.2007). Thus, Savinell is barred from asserting the new issues raised in the motion.
CONCLUSION
¶ 9. Savinell’s second PCR motion is procedurally barred as a successive writ. Savinell failed to prove that any of the exceptions applied to his motion. Accordingly, we affirm the decision of the trial court dismissing the PCR motion.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.