# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01262-COA

RYAN SAVINELL A/K/A RYAN ANTHONY SAVINELL        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/2015 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RYAN SAVINELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 09/20/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. Ryan Savinell pleaded guilty to armed robbery on August 31, 2009, and was sentenced by the DeSoto County Circuit Court to twelve years in the custody of the Mississippi Department of Corrections (MDOC) and eight years of post-release supervision. Savinell's first motion for post-conviction relief (PCR) was dismissed by the circuit court on January 5, 2012. He filed a motion for rehearing, which was denied. He subsequently appealed the dismissal, but the appeal was dismissed for failure to pay the costs of the appeal.

¶2. Savinell filed a second PCR motion. On November 2, 2012, the circuit court

dismissed the motion, finding it was procedurally barred as res judicata and a successive writ. Savinell appealed, and this Court affirmed the circuit court's dismissal on April 29, 2014. *Savinell v. State*, 147 So. 3d 862, 864 (¶9) (Miss. Ct. App. 2014).[1]

¶3.     Before us on appeal is Savinell's third PCR motion, filed on November 13, 2014, which asserts that his plea was involuntary due to ineffective assistance of counsel because his attorney failed to conduct an independent investigation and provide Savinell with discovery before the sentencing hearing.  On April 28, 2015, Savinell filed another PCR motion, a motion to set a trial date, a motion to amend his  PCR motion, and a motion to grant his motion to set a trial date.

¶4.     The circuit court denied Savinell's PCR motion "and subsequent documents filed by [him]" on June 5, 2015, as successive, time-barred, and barred by res judicata.  Savinell filed a request for an out-of-time appeal on July 24, 2015, which the circuit court granted on August 7, 2015.

---

[1] Additionally, Savinell has filed numerous actions in federal court.  *See Savinell v. Davis*, No. 1:14CV341-HSO-JCG, 2016 WL 96167, at *1 (S.D. Miss. Jan. 8, 2016) (dismissed for failure to prosecute); *Savinell v. Epps*, No. 3:14CV516-LRA, 2015 WL 5021770, at *3 (S.D. Miss. Aug. 24, 2015) (dismissed without prejudice for failure to exhaust his administrative remedies); *Savinell v. Epps*, No. 4:14CV113-SA-DAS, 2015 WL 3450552, at *3 (N.D. Miss. May 29, 2015) (dismissed without prejudice for failure to exhaust administrative remedies); *Savinell v. Alexander*, No. 4:14cv18-MPM-DAS, 2014 WL 5090623, at *6 (N.D. Miss. Oct. 9, 2014) (granting defendants' motion for summary judgment) (N.D. Miss. Oct. 9, 2014); *Savinell v. Vanderburg*, No. 3:14CV84-MPM-JMV, 2014 WL 5025358, at *2 (N.D. Miss. Oct. 8, 2014) (granting the State's motion to dismiss, dismissing Savinell's petition for a writ of habeas corpus "for want of jurisdiction," and dismissing his motion to answer the petition as moot).

¶5.     On appeal, we find no error and affirm.

## STANDARD OF REVIEW

¶6.     A circuit court's denial or dismissal of a PCR motion is reviewed under an abuse-of-discretion standard. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015) (citing *Crosby v. State,* 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). "However, questions of law are reviewed de novo." *Id*. (citing *Williams v. State,* 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)).

## DISCUSSION

¶7.     Savinell filed his latest PCR motion more than three years after he entered his guilty plea; therefore, his motion is time-barred. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). This is also Savinell's third PCR motion. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that any order dismissing or denying a petitioner's motion for relief "is a final judgment . . . [and] shall be a bar to a second or successive motion[.]" Miss. Code Ann. § 99-39-23(6) (Rev. 2015). To circumvent these procedural bars, Savinell must assert a cognizable claim involving the violation of a fundamental constitutional right. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010).

¶8.     The circuit court also found Savinell's claims barred by res judicata. "Res judicata prevents the litigation of claims that 'were made or should have been made' during previous litigation." *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014) (quoting *Hill v. Carroll Cty.,* 17 So. 3d 1081, 1084 (¶8) (Miss. 2009)). Savinell's third motion raises the

3

same issues of ineffective assistance of counsel raised in his second PCR motion. "[A]n issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant." *Savinell*, 147 So. 3d at 863 (¶7) (quoting *Ratcliff v. State,* 120 So. 3d 1058, 1060 (¶5) (Miss. Ct. App. 2013)). However, as the Mississippi Supreme Court held in *Smith v. State*, 149 So. 3d 1027, 1032 (¶11) (Miss. 2014), "neither the common law nor our own constitutional law applies the doctrine of res judicata to constitutional claims."

¶9.     Citing his counsel's failure to conduct an independent investigation, which Savinell claims would have shown his innocence, Savinell argues that his plea was involuntary due to ineffective assistance of counsel. A claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In the context of a guilty plea, "one must show 'counsel's errors proximately resulted in the guilty plea and, but for counsel's error, the defendant would not have entered the guilty plea.'" *McCollum v. State*, 81 So. 3d 1191, 1193 (¶8) (Miss. Ct. App. 2012) (quoting *Deloach v. State,* 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006)). Savinell claims that had he been provided the evidence of the witnesses' statements and other evidence, he would have realized that he did not rob the Walgreens on the date listed in the indictment. He admits he and his accomplice had robbed the store during that same time period, but claims that he did not commit the particular robbery cited in the indictment. For example, Savinell

4

claims that store's videotape would show "that a taller white guy is standing behind a shorter black guy," and he argues that at trial, he could prove he (a Caucasian) is actually shorter than his accomplice (an African American). He also claims that when he and his accomplice robbed the store, they wore white masks, but one witness stated the robbers wore "blue/black" masks. Thus, Savinell is essentially arguing either that he is factually innocent of the crime or the evidence would have been insufficient to support his guilt of the crime charged. Regardless, "a valid guilty plea waives all non-jurisdictional rights or defects which are incident to the trial." *Nick v. State*, 62 So. 3d 409, 411 (¶4) (Miss. Ct. App. 2010) (citing *Madden v. State,* 991 So. 2d 1231, 1237 (¶25) (Miss. Ct. App. 2008)). These include "the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011). We find no basis for Savinell's claim of ineffective assistance of counsel and no violation of a fundamental right exempting Savinell's claims from any procedural bar. In his brief, Savinell acknowledges that he told his attorney he "was guilty[;] so he thought I did the crime." Also, Savinell's accomplice informed police that the two men had robbed the store. We find no evidence that counsel's performance was deficient in failing to discover the details of the crime in order to disprove his own client's admission.

¶10. Accordingly, we affirm the court's judgment of dismissal.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.**

**ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**