# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00789-COA

**KELCEY M. WATSON A/K/A KELCEY WATSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

DATE OF JUDGMENT:              06/12/2020
TRIAL JUDGE:                   HON. DEBRA W. BLACKWELL
COURT FROM WHICH APPEALED:     ADAMS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        KELCEY M. WATSON (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ZAKIA HELEN ANNYCE BUTLER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 10/12/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    Kelcey M. Watson appeals from the Adams County Circuit Court's order denying his motion for post-conviction collateral relief (PCR) and challenges the denial of his motion for recusal of the circuit court judge. After a review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2016, an Adams County grand jury indicted Watson and three co-defendants for armed robbery, first-degree murder, and attempted murder. Miss. Code Ann. §§ 97-3-79 (Rev. 2014), 97-3-19 (Supp. 2015), and 97-1-7 (Rev. 2014). Only Watson's DNA was found on the murder weapon. Watson submitted an open plea to the lesser-included offense of

second-degree murder. The State agreed to abandon the remaining charges, and two additional indictments were nolle prosequied. On August 31, 2017, after Watson pled guilty, Judge Forrest A. Johnson Jr. sentenced Watson to serve twenty-five years in the custody of the Mississippi Department of Corrections.[1]

¶3. In November 2019, Watson filed a PCR motion with the Adams County Circuit Court. The motion was assigned to Judge Debra Blackwell, who denied both the PCR motion and a subsequently filed motion to recuse. Watson now appeals.

## STANDARD OF REVIEW

¶4. The standard of review for the denial of PCR motions is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

### I. Recusal

¶5. Watson argues that Judge Blackwell should have recused herself from his November 2019 PCR motion. Watson's grandmother filed a "Notice of Recusal" on his behalf in May 2020. Judge Blackwell denied the recusal motion, and the Mississippi Supreme Court denied Watson's petition to disqualify Judge Blackwell on September 3, 2020, in cause number

---

[1] Watson's co-defendants were each allowed to plead guilty to the lesser-included charge of conspiracy to commit armed robbery (Miss. Code Ann. § 97-1-1 (Rev. 2014)) and were sentenced to serve five years in the custody of the Mississippi Department of Corrections.

2020-M-00515. *See* M.R.A.P. 48B (discussing procedure for seeking appellate review of denial of motion to recuse). Thus, the issue is moot.

## II. Denial of the PCR Motion

### A. Factual Basis for Guilty Plea

¶6. Watson claims that his conviction should be vacated because "there exist[s] evidence of material facts, not previously presented or heard. . . ." But Watson has provided no authority in support of his argument. Mississippi Rule of Appellate Procedure 28(a)(7) requires that the argument section of an appellant's brief "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." This Court has consistently held that a "[f]ailure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005); *see also Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014) (holding that "[t]he appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal").

¶7. Because Watson has failed to supply any legal authority on this issue, we are not required to address this assignment of error. But in this instance the record is clear that a factual basis for Watson's guilty plea existed. Watson signed a petition to enter a guilty plea under penalty of perjury. He stated that he had discussed all facts, circumstances, and evidence with his lawyer. Watson said that his lawyer had discussed all possible defenses with him and that he was satisfied with his lawyer's advice. Watson further stated that after

3

discussions with his lawyer, he wanted to plead guilty to second-degree murder. At the plea hearing, the judge questioned Watson and found that he "[was] competent to understand the nature of the charges against him, . . . underst[ood] the nature and the consequences of the guilty plea, including the maximum and minimum penalties provided by law, . . . [and] underst[ood] that by pleading guilty, he[] waiv[ed] certain constitutional and legal rights, such as the right of a trial by jury, the right to confront the witnesses against him, and the right against self-incrimination." At the hearing, the State was required to give the factual basis for its case against Watson. The State maintained there were witnesses to testify that Watson planned to steal marijuana from a person named Clifford Barnes and that Watson was in the car with Barnes when the fatal shooting occurred. The State indicated that a ballistics report showed the bullets that killed Barnes matched a bloody gun found nearby. The State also reported that there was only a one-in-ten-billion chance that DNA on the gun belonged to someone other than Watson. Watson's attorney agreed that the State had presented a factual basis for the guilty plea. Thus, as held by the circuit court, there was a factual basis for Watson's guilty plea.

### B.     Ineffective Assistance of Counsel

¶8.     Watson also raises a claim for ineffective assistance of counsel largely because of his attorney's failure to advise him of the law pertaining to conspiracy. To succeed on this claim, Watson is required to prove that (1) defense counsel's performance was deficient; and (2) he was prejudiced by counsel's deficient performance. *Hansen v. State*, 649 So. 2d 1256, 1258-59 (Miss. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

4

Specifically, Watson must prove that he only pled guilty because of his attorney's error. *Savinell v. State*, 214 So. 3d 1061, 1064 (¶9) (Miss. Ct. App. 2016). In this instance, Watson was not indicted for conspiracy, and, unlike his co-defendants, the record does not indicate that he was offered the chance to plead to this lesser-included offense. It was unnecessary for Watson's attorney to advise him about a crime for which he was not charged or a plea that was not offered. Further, this Court has clearly held that "[t]here are no statutes or case law stating that a defendant must receive a sentence proportionate to a sentence imposed on an accomplice." *Booker v. State*, 840 So. 2d 801, 805 (¶10) (Miss. Ct. App. 2003). Watson has failed to show that his attorney's conduct and recommendations were anything other than sound trial strategy that constituted "reasonable professional assistance . . . based on the totality of the circumstances." *Frierson v. State*, 606 So. 2d 604, 608 (Miss. 1992). Therefore, we find this issue to be without merit.

### C. Voluntariness of Guilty Plea

¶9. Watson also argues that his plea was involuntary. He states that he was "tricked into making a plea of guilty to a charge of murder." To succeed in this instance, Watson has "the burden of proving that his plea was not voluntar[ily], intelligently, and knowingly given." *Morris v. State*, 29 So. 3d 98, 102-03 (¶13) (Miss. Ct. App. 2010) (citing *Owens v. State*, 996 So. 2d 85, 94 (¶31) (Miss. Ct. App. 2008)). It follows that "[f]or a guilty plea to be voluntary, knowing, and intelligent, the defendant must understand [his] rights, 'the nature of the charge against [him], and the consequences of [his] plea, including applicable minimum and maximum sentences.'" *Schmidt v. State*, 287 So. 3d 1035, 1037-38 (¶9) (Miss.

5

Ct. App. 2019) (quoting *Worth v. State*, 223 So. 3d 844, 850 (¶19) (Miss. Ct. App. 2017)). The plea petition Watson filed stated in no uncertain terms, "[I] am pleading guilty because [I] am guilty of the charge against me." At the plea hearing, Watson and the circuit court judge engaged in a dialogue wherein all charges against Watson, the effect of his plea, and the maximum and minimum sentence were all fully discussed. Watson declared under oath that (1) he had discussed the case with his lawyer; (2) his plea was voluntary; and (3) he understood that by pleading guilty he gave up constitutional and legal rights, including the right to a trial by jury and the right to confront adverse witnesses. This issue is also without merit.

### D. Evidentiary Hearing

¶10. Finally, Watson argues that he was wrongly denied an evidentiary hearing on his PCR motion. Evidentiary hearings are not required in all circumstances. In *Pickle v. State*, we held that a circuit court may "dismiss a [PCR] motion . . . without an evidentiary hearing where it 'plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.'" *Pickle v. State*, 115 So. 3d 896, 899 (¶12) (Miss. Ct. App. 2013) (quoting *Diggs v. State*, 46 So. 3d 361, 364 (¶5) (Miss. Ct. App. 2010)); *see also* Miss. Code Ann. § 99-39-11(2) (Rev. 2020). Watson filed his PCR motion with the circuit court and had the opportunity to include any evidence he deemed relevant. The circuit court judge plainly stated that she reviewed Watson's PCR motion and authorities, as well as the transcript from the plea proceeding, prior to issuing her ruling. There are no "extraordinary circumstances" present that would necessitate an

6

evidentiary hearing. *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). The circuit court committed no error regarding this issue.

**CONCLUSION**

¶11. Because Watson clearly fails to establish any reversible error regarding his claims, we affirm the circuit court's order denying his PCR motion.

¶12. **AFFIRMED.**

      **BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**