# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01010-COA

**MACK DALE LAMBERT** APPELLANT

**v.**

**STATE OF MISSISSIPPI** APPELLEE

DATE OF JUDGMENT: 08/20/2020
TRIAL JUDGE: HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED: LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: MACK DALE LAMBERT (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 11/23/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Mack Dale Lambert appeals from the Lamar County Circuit Court's order dismissing his motion for post-conviction collateral relief (PCR). After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On April 18, 2008, a Lamar County grand jury indicted Lambert for rape (Lamar County Circuit Court Cause No. 2008K-244H) pursuant to Mississippi Code Annotated section 97-3-65(4) (Supp. 2007). Lambert was indicted again on August 20, 2008, for attempted rape stemming from a separate incident (Lamar County Circuit Court Cause No. 2008K-454P) pursuant to Mississippi Code Annotated sections 97-3-65(4) and 97-1-7 (Rev.

2006).[1] On November 19, 2008, Lambert entered a guilty plea to the offense charged in the April 2008 indictment (Cause No. 2008K-244H). The State later moved to amend the indictment to change rape to sexual battery. Lambert then pled guilty to sexual battery. On December 2, 2008, after a pre-sentence investigation report had been completed, the circuit court sentenced Lambert to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve consecutively to another sentence for which he was already serving time. His first PCR motion, alleging ineffective assistance of counsel, involuntary plea, and the violation of his right to a speedy trial, was filed on January 26, 2011, and subsequently denied by the circuit court. In a thorough opinion, the circuit court specifically addressed each of the allegations of error and quoted from the plea colloquy when holding that Lambert's plea was freely and voluntarily given. On June 22, 2020, Lambert filed the PCR motion that led to his current appeal. Lambert alleged only that his plea was involuntary; the circuit court then dismissed the motion as successive. Lambert appeals, asking that his sentence be set aside and that he receive an evidentiary hearing.

**STANDARD OF REVIEW**

¶3. The standard of review for the dismissal of PCR motions is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005)

---

[1] The record contains information pertaining only to Cause No. 2008K-244H. We do not know the disposition of Cause No. 2008-454P, nor does it appear to be the subject of this appeal.

2

(citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

### A.    Successive Motion

¶4.    Lambert's motion was successive because he had filed at least one previous PCR motion in 2011.[2] Miss. Code Ann. § 99-39-23(6) (Rev. 2020) (barring second or successive PCR motions with few exceptions). "Mississippi statutory law grants each movant 'one bite at the apple when requesting post-conviction relief.'" *Hayes v. State*, 282 So. 3d 1185, 1187 (¶8) (Miss. Ct. App. 2019) (quoting *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009)). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013)). We note that the facts Lambert pleads in support of the current PCR motion are largely the same as the ones he set forth in support of his previous PCR motion. But this motion does not bring claims of ineffective assistance of counsel, a violation of his right to a speedy trial, or a deprivation of certain "fundamental constitutional rights." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010); *accord Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Lambert has made no showing that an exception exists that would overcome the statutory bar on successive motions. Thus, the circuit court appropriately dismissed Lambert's PCR motion as successive.

---

[2] The circuit court indicated in its denial of Lambert's first PCR motion that the court had reviewed "all files, records, transcripts and correspondence relating to the judgment under attack." Lambert did not appeal the denial of his first PCR motion.

## B.     Statute of Limitations

¶5.     The record identifies December 2, 2008, as the date that the circuit court entered its judgment of conviction and the date that Lambert was sentenced. Lambert filed the current PCR motion in June 2020, over a decade after his sentencing and well outside the three-year window for appeals provided by the Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). There are, however, four specific types of fundamental rights that survive PCR procedural time-bars: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016). In certain cases, a petitioner may also show "extraordinary circumstances" that would allow him to circumvent the time bar. *See Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 440 (Miss. 2020) (recognizing that the right to effective assistance of counsel may survive the time bar in "extraordinary circumstances"). But "there must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). And the burden of proving that one of these exceptions applies is on the movant. *Brandon v. State*, 108 So. 3d 999, 1004 n.3 (Miss. Ct. App. 2013). In this instance, Lambert has failed to show that any exception to the three-year statute of limitations applies. Thus, Lambert's motion is also barred because it is untimely.

## C.     Res Judicata

¶6.     Lambert argues that his guilty plea was involuntary and that he is entitled to a hearing

in order to prove his innocence. He made the same unsuccessful claim in his 2011 PCR motion, and the circuit court addressed the issue at length in its "Memorandum Opinion and Order of Summary Dismissal." This Court addressed the same issue in *Savinell v. State*, 147 So. 3d 862 (Miss. Ct. App. 2014). In that case, Savinell reasserted two of the arguments he had made in his first PCR motion. *Id.* at 863 (¶7). We held that "an issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant." *Id*; *see also Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015) ("Res judicata prevents the litigation of claims that 'were made or should have been made' during previous litigation."). As in *Savinell* and *Salter*, the doctrine of res judicata prevents Lambert from being able to raise the same issue in this second PCR motion.

### D. Failure to Cite Authority

¶7. Additionally, Lambert has provided no authority in support of his argument. The Mississippi Rules of Appellate Procedure require that the argument section of an appellant's brief "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). The Mississippi Supreme Court and this Court have consistently held that "[f]ailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005); *accord Kelly v. State*, 553 So. 2d 517, 521 (Miss. 1989). Because Lambert has failed to supply any legal authority on this issue, we are not

5

required to address this assignment of error.

## CONCLUSION

¶8.     This Court has held that "[i]nvoluntary pleas are not fundamental rights that can survive PCR procedural bars." *Owens v. State*, 281 So. 3d 863, 867 (¶11) (Miss. Ct. App. 2019).  Because Lambert clearly fails to establish an excepted error regarding his claim that his plea was involuntary, we affirm the circuit court's dismissal of his PCR motion.

¶9.     **AFFIRMED.**

> **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**